**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAR - 2 2010

Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| Lawrence Howard, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. **10 0333** |
| | ) | |
| Michael Bell *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed

*in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack

of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available

only when a "federal question" is presented or the parties are of diverse citizenship and the

amount in controversy exceeds $75,000. A party seeking relief in the district court must at least

plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to

plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a District of Columbia resident, sues District of Columbia-based Washington

Gas and a Washington Gas Specialist for allegedly denying services to him because of overdue

payments, which he contests. Plaintiff seeks the restoration of services. The complaint neither

presents a federal question nor provides a basis for diversity jurisdiction because the parties are

not of diverse citizenship and no amount in controversy pleaded. Plaintiff's recourse lies, if at

all, in the Superior Court of the District of Columbia.  Accordingly, the complaint will be dismissed.  A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: February _19_, 2010